UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM RAZO,<br><br>          Plaintiff,<br><br>     v.<br><br>TIMEC COMPANY, INC., et al.,<br><br>          Defendants. | Case No. 15-cv-03414-MEJ<br><br>**ORDER RE: MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 72 |

## INTRODUCTION

In a prior Order, the undersigned granted defendant Transfield Services, Ltd.'s ("Transfield") motion for summary judgment in its entirety and granted partial summary judgment to TIMEC Company, Inc. ("TIMEC"). *See* MSJ Order, Dkt. No. 69.[1] Pending before the Court is Transfield's Motion for Attorneys' Fees. Mot., Dkt. No. 72. Transfield requests the Court award it $65,216.25, "Transfield's share of the attorneys' fees in this matter from the date Plaintiff was first on notice that Transfield was not his employer through this Court's ruling on summary judgment." *Id*. at 5. Plaintiff Sam Razo ("Plaintiff") filed an Opposition (Dkt. No. 78), and Transfield filed a Reply (Dkt. No. 80).

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby **VACATES** the January 26, 2016 hearing. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** Transfield's Motion for Attorneys' Fees.

---

[1] The parties did not request, and the undersigned did not enter, judgment for Transfield pursuant to Federal Rule of Civil Procedure 54(b).

**BACKGROUND[2]**

Plaintiff alleged discriminated against him based on his disability and his age, and retaliated against him for taking medical leaves of absence from his work. He filed a complaint alleging claims under the California Fair Employment and Housing Act ("FEHA"), the California Family Rights Act ("CFRA"), the federal Family Medical Leave Act ("FMLA"), as well as a claim under California common law for wrongful termination in violation of public policy/constructive discharge. *See* FAC, Dkt. No. 15. To prevail on any these claims, Plaintiff needed to establish Transfield was his employer either directly, or because his employer's conduct could be imputed to Transfield. *See generally* MSJ Order.

The Court granted summary judgment to Transfield on all claims. The Court concluded that Plaintiff had "failed to establish a genuine issue of material fact exist[ed] regarding the existence of an employment relationship with Transfield Ltd." and accordingly granted summary judgment to Transfield on each of Plaintiff's claims. *Id.* at 18. In addition, the Court granted summary judgment to Transfield (and TIMEC) on Plaintiff's FEHA, Cal Gov't Code § 12965(b), claims because "no genuine issue of material fact exists as to whether Defendants discriminated against Plaintiff on the basis of age or disability." MSJ Order at 30, 38.

**DISCUSSION**

A district court may exercise its discretion to award attorneys' fees to a prevailing defendant in an action brought under FEHA, where the plaintiff's claims were "frivolous, unreasonable, or without foundation," or where the plaintiff "continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). It is undisputed that Transfield is a prevailing defendant. The undersigned now must determine whether Plaintiff's actions were frivolous, unreasonable or without foundation, or became so at some point.

Transfield informed Plaintiff from the time it answered the FAC that it was not his employer. *See* Answer to FAC ¶¶ 2, 5 ("Defendants deny that Plaintiff was employed by

---

[2] Further background information is available in the Court's Order on Summary Judgment. *See* MSJ Order at 1-10.

Transfield"), 14 ("Defendants deny the Plaintiff worked for Transfield"), 15 ("Defendants deny that Plaintiff worked for Transfield"), 29 (denying Transfield is employer as defined by FMLA; "Defendants deny that Plaintiff was employed by or worked for Transfield"), 37 (denying Transfield is employer as defined by CFRA; "Defendants deny that Plaintiff was employed by or worked for Transfield"), 45 (denying Transfield is an employer as defined by FMLA, denying Plaintiff worked for Transfield), and 52 (denying Transfield is employer as defined by CFRA, denying Plaintiff worked for Transfield), Dkt. No. 18.

The parties dispute whether Plaintiff conducted adequate discovery to understand the basis for Transfield's Answer or its subsequent representations that it had never been his employer. Based on the parties' briefs, it appears that before the close of discovery, no witness testified in deposition and no Defendant produced documentation categorically establishing Transfield was not Plaintiff's employer. *Cf. Cotterill v. City and County of San Francisco*, 2010 WL 1223146 (N.D. Cal. Mar. 10, 2010) (after two key depositions were taken, it should have been "abundantly clear" plaintiff had no viable claims based on witnesses' testimony).

On July 21, 2016, after the close of discovery, counsel for Transfield emailed counsel for Plaintiff. Johnston Decl., Ex. 4, Dkt. No. 73-4. Transfield's counsel wrote:

> In an attempt to streamline the issues before trial (and summary judgment), we write to ask that Plaintiff agree to dismiss Defendant Transfield Services, LTD from the case. Transfield Services, LTD, which changed its name to Broadspectrum Ltd., was an Australian owned company, formerly traded on the Australian Stock Exchange. Its stock was delisted last month following a takeover by Spanish company Ferrovial. Transfield Services, LTD has never had any employees in the United States and does not and did not employee any individual worldwide. Transfield Services, LTD is related to l25 separate entities worldwide. One of these entities is TlMEC Company, Inc. (now known as Broadspectrum Downstream Services, Inc.) - the entity that employed Mr. Razo. TIMEC Company, Inc. is an 8th-tier subsidiary of Transfield Services, LTD that is owned directly by TIMEC Operating Company, Inc. which in turn is a 7th-tier subsidiary of Transfield Services, LTD.

*Id*.

Counsel for Plaintiff responded:

> In your email you state that TIMEC Company, Inc. is a subsidiary of Transfield Services LTD. As you are aware, a parent company can be held liable for the conduct of its subsidiaries.

> You further state that Transfield Services LTD has no control over Razo, his supervisors, etc.,. However, all relevant forms, including the Employee Handbook, have Transfield Services written on them.
>
> You further indicate that Transfield Services doesn't have any employees and is not an employer for purposes of CFRA/FMLA. However, how would these facts affect its parent company liability? You also haven't provided our office with any documents supporting your assertions.
>
> Accordingly, we do not see a reason for dismissing Transfield Services from the case. If we are missing something here, please let us know, and we will be happy to reconsider our position. Additionally, if you agree, we are more than happy to switch Defendant Transfield Services for Broadspectrum or Ferrovial.

Avloni Decl., Ex. 17, Dkt. No. 78-6. Plaintiff argues Transfield did not provide documentation regarding its lack of liability until it filed its Motion for Summary Judgment on August 4, 3016. *See* Opp'n at 16; MSJ Mot., Dkt. No. 42.

Plaintiff's efforts to ascertain the validity of Transfield's representations that it was not his employer and about the corporate relationship between Transfield and TIMEC could have been more robust. Rather than take a 30(b)(6) deposition of a corporate witness to understand the relationship, Plaintiff chose to rely on his understanding of deposition testimony from percipient witnesses who were not shown to have personal knowledge of the issue. But while Plaintiff likely should have done more to develop his claims against this Defendant, this does not appear to be a situation where Plaintiff pursued Transfield "to improperly inflate the costs of litigation to Defendants" (Mot. at 6), with the knowledge his claims were frivolous. After Transfield asked Plaintiff to dismiss it from the action, Plaintiff explained why he did not feel dismissal was warranted but expressed he was open to reconsidering his position. *See* Avloni Decl., Ex. 17. Plaintiff's counsel set out her arguments for why Transfield still might be liable even though it did not directly employ her client, and reiterated her request for documentation supporting Transfield's request to be dismissed. *Id.* Counsel explicitly invited Transfield to provide more information: "If we are missing something here, please let us know, and we will be happy to reconsider our position." *Id.* Transfield chose not to engage Plaintiff any further and chose not to provide the requested documentation at that time. While Transfield correctly argues it was Plaintiff's burden to establish an employment relationship to state a prima facie claim under any of

the theories asserted in the FAC, the July 2016 email exchange demonstrates that Plaintiff had a theory of liability that he felt justified proceeding against Transfield. While the undersigned subsequently rejected that theory, these facts weigh against a finding of frivolousness, and weigh against granting Transfield its fees.

Under these circumstances, the Court finds Plaintiff's claims, nor his decision to continue litigating them, did not rise to the level of frivolousness contemplated by *Christianburg*.

## CONCLUSION

For the reasons stated above, the Court DENIES Transfield's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge